JOHN R. WILLIAMS CO. et al. v. MILLER, DUBRUL & PETERS
MFG. CO.

(Circuit Court, S. D. New York.    May 6, 1901.)

REHEARING—NEWLY-DISCOVERED EVIDENCE.

Where an interlocutory decree has been rendered sustaining a pat-
ent, and a motion for rehearing made because of the expiration of a
British patent covering the invention, not before in the record, and
which expired before suit was brought, which fact was not known to
either party until after the hearing, defendant will be allowed to amend
his answer setting up such patent, subject to the replication on file,
and both parties allowed to take evidence in relation thereto.

On Application for Rehearing.

For former opinion, see 107 Fed. 290.

Charles C. Gill and Livingston Gifford, for plaintiffs.

E. M. Marble, for defendant.

WHEELER, District Judge.    A decision having been made here-
in providing for an interlocutory decree sustaining the first claim of
patent No. 261,849, and the first and third claims of No. 315,408,
granted to Oscar Hammerstein, a motion for rehearing has been
made because the object of the first patent was broader than the
decision indicates in upholding it, and because of the expiration of
a British patent covering the invention of the other, not before in
the record.    The specification of the first patent does mention wrap-
pers for cigarettes, and "covering packages of all kinds, such as
lozenges and the like," which would include paper, and claims
founded upon which might be anticipated by the use of paper, but
the first claim is confined strictly to wrapper tobacco for cigars, in
the use of which it had not been anticipated by any such process
or method.    The application for the other patent was filed by Oscar
Hammerstein, July 10, 1883.    He made an assignment of all his
"entire right in and to the said invention, and any letters patent
that may be granted therefor," to Malvine Hammerstein, July 17,
1883.    The British patent No. 3,611 was granted for 14 years, on a
communication from abroad by Oscar Hammerstein, February 19,
1884; the assignment was recorded October 24, 1884; and the United
States patent was granted for 17 years to Oscar Hammerstein, as-
signor, April 7, 1885; and the British patent expired February 19,
1898, before this suit was brought.

The British patent covers two other patents of Hammerstein, and
question is made whether the construction of this part of the Brit-
ish patent, in connection with the other two, would be the same as
that of this United States patent alone, and the affidavits of ex-
perts have been taken, respectively, by the parties upon that ques-
tion.    The devices of that part of the British patent would seem
clearly to infringe these claims of this one, and the invention of this
patent appears to have been well patented there, within the mean-
ing of the statute.    Commercial Mfg. Co. v. Fairbank Canning Co.,
135 U. S. 176, 10 Sup. Ct. 718, 34 L. Ed. 88.

But Hobbs v. Beach (March 5, 1901) 94 O. G. 2357, 21 Sup. Ct.

409, is relied upon as showing that, after Oscar Hammerstein had assigned the invention to Malvine Hammerstein, he could not take out a foreign patent that would limit the United States patent granted to her as his assignee. That foreign patentee appears, however, to have been an "intermeddler," who had no relation to the American patentee, and was an adverse claimant. Undoubtedly, the foreign patentee must be the same in source of title, or right, or consent. Walk. Pat. §§ 162, 163; 3 Rob. Pat. § 1043. Oscar Hammerstein was the inventor and a patentee, although only as assignor, in the United States patent. Malvine Hammerstein stood in the same right from the same source. This case does not seem to fall within the principle of that, or so clearly within it that the chance to try the question should be denied. Neither party appears to have known about the British patent till after the hearing, or to have been seriously in fault in not discovering it. Under the circumstances, it seems most just that it should be admitted into the case, but not to the prejudice of the decree for an account to the time of its expiration.

Let the answer be amended setting up the British patent, subject to the replication now on file, within five days; the patent and defendants' evidence relating thereto to be filed within ten days after; and the plaintiffs' evidence relating thereto within ten days after that,—all without prejudice to the accounting.